(No. 15099.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK BONHEIM, JR., Plaintiff in Error.

*Opinion filed February 21, 1923—Rehearing denied April 6, 1923.*

1. CRIMINAL LAW—*trial court is presumed to have done its duty where proceedings are regular.* Where the record shows that all the proceedings in the circuit court were regular it will be presumed the court did its full duty in the consideration of the case.

2. SAME—*when withdrawal of plea of guilty is in discretion of court.* Where the accused, with a full understanding of the nature of the charge against him, and after the consequences of his plea are explained to him, pleads guilty, whether the plea will be permitted to be withdrawn is discretionary with the court.

3. SAME—*when court should permit withdrawal of the plea of guilty.* Where a plea of guilty is entered through a misapprehension of the facts or the law or in consequence of misrepresentation of counsel or of the State's attorney or of someone else in authority, or if there is doubt of the defendant's guilt, or if he has any defense worthy of consideration by a jury, or if the ends of justice will be best served by submitting the case to a jury, the court should permit the withdrawal of the plea of guilty and the substitution of a plea of not guilty.

4. SAME—*what is not ground for withdrawal of plea of guilty.* The mere fact that an accused, knowing his rights and the consequences of his act, hoped or believed that he would receive a shorter sentence or a milder punishment or some other favor by entering a plea of guilty than would fall to his lot after trial and conviction by a jury, presents no ground for permitting the withdrawal of the plea of guilty after he finds that his expectation will not be realized.

5. SAME—*what necessary to justify release on probation.* Before a court grants release on probation it must be satisfied that there is reasonable ground to expect that the accused may be reformed and that the interests of society will be subserved.

6. SAME—*when judgment on the plea of guilty will not be set aside—probation.* Where an offender pleads guilty in the hope that he will be released on probation it is discretionary with the trial court whether he shall be released, and such discretion is not subject to review; and where the report of the probation officer is unfavorable and the offender is sentenced he cannot afterward have the judgment set aside to enter a plea of not guilty.

WRIT OF ERROR to the Circuit Court of Christian county; the Hon. F. R. DOVE, Judge, presiding.

HOGAN & REESE, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, EDWARD E. DOWELL, State's Attorney, and JAMES B. SEARCY, for the People.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff in error, Frank Bonheim, Jr., entered his plea of guilty in the circuit court of Christian county to an indictment charging him with the larceny of property of the value of $135, belonging to the Taylorville Elks Lodge. The court fully explained to him the consequences of entering such a plea, but he persisted in his plea of guilty. Thereupon the court received and recorded the plea and entered a judgment finding him guilty as charged, after which a petition for release on probation was filed and referred to the probation officer for investigation and report. The

probation officer reported unfavorably, and upon consideration of the petition the court denied it. Thereupon the court, upon consideration of evidence heard, found plaintiff in error to be nineteen years of age and found him to be a fit and proper person to be committed to the State reformatory at Pontiac and sentenced him accordingly. Thereafter a motion was made to set aside the judgment and sentence and for leave to withdraw the plea of guilty and to enter a plea of not guilty. The grounds of said motion were that plaintiff in error was a minor; that he had not advised with counsel before entering his plea of guilty and did not understand the full effect and consequence of entering such a plea; that he entered the plea under the belief that he was to be given his liberty on probation; that he entered the plea pursuant to an agreement with the State's attorney that sentence would be deferred until the next term of court and that the State's attorney would recommend his release on probation at the succeeding term if he had conducted himself properly in the meantime. Evidence was heard in support of and in opposition to this motion, and upon consideration of the evidence the court denied the motion. To review that order this writ of error is prosecuted.

On the hearing plaintiff in error testified that he is nineteen years of age; that he was living with and was employed by his father in Taylorville; that he was sorry he had taken the property and that he did not know what caused him to do such a terrible act; that he went to the State's attorney's office with his father and told the State's attorney that he was sorry for what he had done and asked him what he would advise him to do; that the State's attorney told him that he could not advise him because he was against him; that the State's attorney told him there were two things he could do: that he could have a trial by a jury, or that he could enter his plea of guilty to the indictment and could thereafter make application to the court for release on probation; that the State's attorney told him that

he could not recommend his release on probation but that he would recommend that sentence be deferred until the next term of court, and if his conduct was good he would then recommend that the sentence be again deferred until the next term of court, and if his conduct continued to be good he would eventually recommend his release on probation; that the State's attorney told his father substantially the same thing he had told him; that he and his father agreed that it was better to enter a plea of guilty and so advised the State's attorney; that the State's attorney went with them into the court room; that his case was called and he entered his plea of guilty; that the State's attorney advised the court that plaintiff in error wanted to file his petition for release on probation, and that the court thereupon continued the hearing and referred the petition to the probation officer.

Frank Bonheim, Sr., testified that he is the father of plaintiff in error; that he talked with the exalted ruler of the Elks and persuaded him to agree to recommend that the prosecution be dismissed if all damages and costs were paid; that they went to the State's attorney and talked the matter over with him; that the State's attorney advised them that it was unlawful to make such an agreement and that he would not recognize it; that he discussed with the State's attorney what could be done; that the State's attorney advised him that his son could have a trial by a jury or that he could enter his plea of guilty to the charge, and after his son had been adjudged to be guilty of the crime he could apply to the court for release on probation; that the State's attorney agreed, at his request, to talk with his son, and he brought his son to the office of the State's attorney for that purpose; that in the conversation it developed that his son was disobedient and neglected his work; that the State's attorney told him that he would not recommend his release on probation but that he would recommend that the court defer sentence until a later date, so that they might observe

his son's conduct before final disposition was made of the case; that the State's attorney said the matter of granting or denying the petition rested wholly with the court, and that he could not and would not assure him that his release on probation would be finally granted.

The record shows all the proceedings in the circuit court were regular, and it will be presumed in the consideration of the case that the court did its full duty. (*Marx* v. *People,* 204 Ill. 248; *People* v. *Ellsworth,* 261 id. 275.) Where the accused, with a full understanding of the nature of the charge against him, pleads guilty to an indictment, whether the plea will be permitted to be withdrawn is discretionary with the court; (*Gardner* v. *People,* 106 Ill. 76;) but where it appears that the plea of guilty was entered through a misapprehension of the facts or the law, or in consequence of misrepresentation by his counsel or the State's attorney or someone else in authority, or where it appears that there is doubt of his guilt or that he has any defense at all worthy of consideration by a jury, or that the ends of justice will be best served by submitting the case to a jury, the court should permit the withdrawal of the plea of guilty and the substitution of a plea of not guilty. (*Krolage* v. *People,* 224 Ill. 456; *People* v. *Walker,* 250 id. 427; *People* v. *Byzon,* 267 id. 498.) The law seeks no unfair advantage over an accused, but is watchful to see that the proceedings in which his life or liberty is at stake shall be fairly and impartially conducted. It holds in contemplation his natural distress and is considerate in viewing the motive which may influence him to take one or another course. The mere fact, however, that an accused, knowing his rights and the consequences of his act, hoped or believed that he would receive a shorter sentence or a milder punishment or some other favor by entering a plea of guilty than that which would fall to his lot after trial and conviction by a jury, presents no ground for permitting the withdrawal of the plea of guilty. (*People* v. *Stamatides,* 297 Ill. 582; *People* v. *Mil-*

*ler,* 114 Cal. 10, 45 Pac. 986; *State* v. *Yates,* 52 Kan. 566, 35 Pac. 209; *State* v. *Wilmot,* (Wash.) 163 Pac. 742.) To hold that it would, would be equivalent to saying that an accused might speculate upon the supposed clemency of a judge, with the right to retract if at any time before sentence he began to think that his expectation would not be realized.

Plaintiff in error has never contended, and does not now contend, that he is not guilty of the charge of which he stands convicted. He has made a full, free and voluntary confession of his act and offers no excuse for it. After a full explanation of his rights and of the consequences of entering a plea of guilty to the charge he chose to throw himself upon the mercy of the court and to secure, if possible, his release on probation. The evidence shows that he is nineteen years of age, that he has a two-year high school education, and that he is of average intelligence. He had the counsel and advice of his father throughout the proceedings. The report of the probation officer does not appear to have been made in writing, as required by law, but the record shows that the report was unfavorable. Before a court grants release on probation it must be satisfied that there is reasonable ground to expect that the accused may be reformed and that the interests of society shall be subserved. (*People* v. *Penn,* 302 Ill. 488.) It is discretionary with the court whether one convicted of crime shall be released on probation, and the action of the court on an application for that purpose cannot be reviewed. After the court had decided that plaintiff in error should not be released on probation there was but one thing for it to do, and that was to sentence him to the penitentiary, or, in its discretion, to the reformatory. We find nothing in the record to justify a conclusion that the court erred in denying the motion to set aside the judgment.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*