THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES MILLER, Plaintiff in Error.

*Opinion filed April 24, 1925.*

1. CRIMINAL LAW—*when order of reference to probation officer and report thereon are sufficient.* An order of reference to the probation officer need not specifically direct an inquiry into the matters enumerated in section 12 of the Probation act, but it is sufficient where the court orders that the case be referred to the probation and parol officers for investigation and the report contains findings on the matters of which the statute requires investigation.

2. SAME—*release on probation rests in discretion of court—review.* A defendant is not entitled, under the Probation act, to be admitted to probation as a matter of right but release on probation rests in the discretion of the court, and where the proceeding is had in accordance with the provisions of the act, the decision of the trial court is not subject to review on writ of error.

3. SAME—*Probation act does not impair right to fair and impartial trial.* Proceedings for release on probation, conducted in accordance with the Probation act, do not violate the provision of the bill of rights guaranteeing a fair and impartial trial, as the defendant, having pleaded or been proved guilty, is not entitled to probation as a matter of right.

WRIT OF ERROR to the Circuit Court of Knox county; the Hon. WALTER C. FRANK, Judge, presiding.

WELSH & ZETTERHOLM, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, R. C. RICE, State's Attorney, VIRGIL L. BLANDING, and CHARLES F. MANSFIELD, for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error, Charles Miller, was indicted with Michael Johnson for the larceny of nine hogs, of the value of $252.79, the property of John Barnhill. The indictment

317—3

was returned to the February, 1923, term of the circuit court of Knox county. Plaintiff in error entered a plea of not guilty, and on June 20, 1924, withdrew this plea and entered a plea of guilty, and on that day filed a petition to be admitted to probation. On the same day the matter was referred to the probation officer for investigation and report upon the eligibility of defendant for probation. On June 23, 1924, the probation officer filed his report, stating that defendant was a laborer by occupation; that he had not been previously convicted of a crime or misdemeanor; that he had not been placed on probation by any court; that the probation officer had had no opportunity for observation of defendant's personal characteristics; that the habits and associates of defendant were not good, and that there were no persons dependent upon him for support and education. Under the head of "other facts" the probation officer reported that the sheriff of Peoria county advised him that there were two indictments pending against defendant in the circuit court of Peoria county, one charging burglary and larceny and the other charging larceny. The probation officer also reported that the co-defendant, Johnson, had entered a plea of guilty and had been sentenced to the penitentiary. The recommendation of the probation officer was that defendant is not a fit subject to be admitted to probation. Plaintiff in error, by his counsel, upon the filing of this report moved to continue the cause to the November, 1924, term for the purpose of making proof as to his fitness for probation. This motion was allowed and the cause continued. On November 26, 1924, plaintiff in error filed six affidavits, in addition to his own, in support of his motion to be admitted to probation. He stated in his affidavit that for more than a year he had been engaged in farming; that he had rented a farm for the year 1925 and that it was his intention to continue his operations as a farmer; that on June 9, 1924, he had married; that his wife resides with him on the farm and is dependent upon him for sup-

port; that his associates and acquaintances are people of good repute and standing. The six other affidavits filed were of citizens in the neighborhood where plaintiff in error resided and stated that they were acquainted with him; that he had been engaged in farming during the last year; that he was married; that his habits and personal characteristics and associations were good. On hearing the court denied the motion for probation and sentenced plaintiff in error to the penitentiary. He brings the cause here for review, contending that the order referring the cause as to his eligibility for probation was not according to law; that the report of the probation officer, on the investigation made by him, was not such a showing before the court as authorized the exercise of judicial discretion; that the decision of the court on the showing made amounted to an abuse of judicial discretion, and that by reason of such abuse the order entered was in violation of section 2 of article 2 of the constitution, in that the court entirely disregarded the right guaranteed to plaintiff in error to a fair and impartial trial upon the petition and showing made.

By section 2 of the act creating the probation system (Smith's Stat. 1923, p. 735,) any defendant therein specified who has entered a plea of guilty or has been found guilty by the verdict of the jury or the finding of a court of the violation of any municipal ordinance, or of any criminal offense except murder, manslaughter, rape, kidnaping, willful and corrupt perjury or subornation of perjury, arson, larceny and embezzlement where the amount taken or converted exceeds $200 in value, incest, burglary of an inhabited dwelling house, conspiracy in any form, or offenses under the election laws of the State, may, in the discretion of the judge hearing the case, after the entry of judgment and where nothing remains to be done by the court except pronounce sentence, be admitted to probation according to the provisions of the act. Section 3 of the act provides that before granting probation the court shall

require the probation officer to investigate accurately and promptly the case of the defendant making such request, to ascertain his residence, occupation, whether or not he has been previously convicted of crime or misdemeanor or previously placed upon probation by any court, and the court may, in its discretion, require that the probation officer secure additional information concerning the associations, habits and relationship of the defendant, and the names and ages of those dependent upon him for support and education, or such other facts as may aid the court in determining the propriety of probation, and the conditions on which such probation may be granted in case the court decides to grant the same.

The record shows that the plea of guilty of defendant was to the crime of grand larceny of property of a value exceeding $15. While the indictment charges that the value of the property taken was $252.79, the record does not disclose any hearing as to the value, and the plea as to value is merely of more than $15. The value of the property is not further shown by the record.

The order of the court referring the matter to the probation officer recites the plea of guilty of plaintiff in error and his petition for probation, and orders that the case be "referred to the probation and parol officers of this county upon the matter of parol and investigation, and report upon the eligibility of said impleaded defendant hereto for such probationary consideration of the court." This order was sufficient to refer the matter to the probation officer for investigation. Section 12 of the Probation act provides that it is the duty of the probation officer to investigate applications for probation, as required by section 3 of the act. Those sections provide fully his duties in connection with such investigation and concerning those placed on probation under his charge. It was not necessary that the order delineate his duties concerning the investigation.

The report of the probation officer was filed three days after the matter was referred to him. It cannot, therefore, be said that his investigation and report were not promptly made. In his report he states that he did not have an opportunity to investigate the personal characteristics of defendant. He states that the habits and associations of the defendant were not good and that he had no dependents. He also reports the pendency of two indictments in Peoria county against defendant. It will be noted that the statute does not require that the court direct the probation officer to investigate the habits, associations and personal characteristics of defendant, or the names, relationship and ages of those dependent upon him for support and education. The statute provides that the court may, in its discretion, direct an investigation as to such matters. The order referring the matter required an investigation of all those matters concerning which the statute requires investigation, and the report complied with such requirements. The probation officer's report also covered those matters concerning which the court may, in its discretion, require an investigation, except that of personal characteristics, as to which the probation officer reported that he did not have an opportunity for observation. It will be seen, therefore, that the order of the court and the report of the probation officer were in conformity with the law.

Nor is there anything in the record that tends to establish that the court did not give full consideration to plaintiff in error's application for probation. After the filing of the report of the probation officer, and in order to rebut the same, the court gave to plaintiff in error a continuance from the 23d day of June to the November term of court following, and the record shows a hearing on November 26, 1924, on the affidavits at that time filed in support of plaintiff in error's application for probation. The judgment of the court entered thereon shows the appearance of plaintiff in

error by his counsel, the plea of guilty of plaintiff in error, and that on the day of the judgment, to-wit, November 26, 1924, the affidavits filed on behalf of plaintiff in error were read, examined and considered, and his petition for probation was denied and he was sentenced to the penitentiary.

The probation system was instituted for the purpose of giving to defendants classified by the act, who have pleaded guilty or been proven so, an opportunity for reformation. A defendant is not entitled, under the Probation act, to be admitted to probation as a matter of right. Release on probation rests in the discretion of the court. By section 3 of the act it is provided: "Application for release on probation may, in the discretion of the court, be granted if it shall appear to the satisfaction of the court both that there is reasonable ground to expect that the defendant may be reformed and that the interest of society shall be subserved." The court, however, is not permitted to grant probation unless it shall be satisfied that there is reasonable ground to expect both that the petitioner may be reformed and that the interests of society will be subserved. (*People* v. *Penn,* 302 Ill. 488.) There is no definite way of proving these two conditions. That must, of necessity, rest upon probabilities, as only the future can determine whether or not such purposes will be carried out. It is therefore properly left to the discretion of the trial court to determine a proper case for the application of the probation system. For that reason the decision of the trial court, where the proceeding is had in accordance with the provisions of the act, is not subject to review on writ of error. *People* v. *Bonheim,* 307 Ill. 316.

We are of the opinion that the proceedings in this case were conducted according to the provisions of the act; that the court had the parties and subject matter before it and had full authority to enter the judgment rendered in the case. From this it follows that there was no violation of the bill of rights guaranteeing a fair and impartial trial to

plaintiff in error. This is so also for the further reason that plaintiff in error is not entitled to probation as a matter of right. Cases cited by plaintiff in error on this point are therefore inapplicable.

There is no error in the record, and the judgment of the circuit court will be affirmed.     *Judgment affirmed.*