(No. 26120.—■

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN DONOVAN, Plaintiff in Error.

*Opinion filed June 13, 1941.*

ROBERT L. BRACKEN, and JOHN P. DEVINE, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and MOREY C. PIRES, State's Attorney, for the People.

Mr. JUSTICE SMITH delivered the opinion of the court:

John Donovan, twenty years of age, was indicted in the circuit court of Lee county for forging a $10-check. Upon his arraignment on January 8, 1941, he pleaded guilty and asked to be placed on probation. The request was denied and he was sentenced to the penitentiary. The

judgment recites that he was duly admonished as to the consequence and effect of the plea and that he persisted therein. He was not represented by counsel. Five days later, counsel employed by his father filed a motion to set aside the judgment and for leave to withdraw the plea of guilty and enter a plea of not guilty. The motion was denied. The cause is here on a writ of error.

The grounds urged for reversal are that the court erred in refusing to allow defendant to withdraw his plea of guilty; in sentencing him to the penitentiary and refusing his application for probation without causing an investigation to be made by the probation officer and procuring his recommendation as the statute provides, and in sentencing him without hearing evidence on the question of aggravation and mitigation of the offense charged.

Affidavits, filed by the State's attorney in support of the answer resisting the motion, state that defendant had voluntarily admitted that, to obtain spending money, he had forged two other checks of $3 each and one for $2 in March and April, 1940, and another check for $10 on November 19, 1940, which, upon an unsuccessful attempt to cash it, he destroyed. The affidavit of the State's attorney recites a like admission to him by defendant, and states that prior to the arraignment he told defendant that in view of his past conduct he would not recommend probation; that defendant was furnished with a copy of the indictment and a list of jurors and witnesses; that the court offered to appoint counsel for him, which he declined; that he was admonished by the court of the consequences of a plea of guilty but persisted therein; that when he asked to be released on probation, affiant then informed the court of the admissions by defendant of the forging and passing of certain other forged checks and recommended that probation be not granted; that the court thereupon denied defendant's request for probation and sentenced him to the penitentiary.

The motion to set aside the judgment discloses that defendant was never previously convicted of any crime or misdemeanor. Forgery is one of the crimes for which the court cannot fix the limit or duration of imprisonment. The penalty is prescribed by the Indeterminate Sentence act at imprisonment in the penitentiary for not less than one year nor more than fourteen years. (Ill. Rev. Stat. 1939, chap. 38, pars. 802, 277.) Where a defendant convicted of forgery has not been previously convicted of any crime or misdemeanor the offender, in the discretion of the judge hearing the case, may be admitted to probation. Ill. Rev. Stat. 1939, chap. 38, par. 785.

Section 4 of division 13 of the Criminal Code (Ill. Rev. Stat. 1939, chap. 38, par. 732) after prescribing the requisites to be observed in receiving pleas of guilty, provides: "In all cases where the court possesses any discretion as to the extent of the punishment, it shall be the duty of the court to examine witnesses as to the aggravation and mitigation of the offense." Paragraph 786 provides: "Before granting any request for admission to probation, the court shall require the probation officer to investigate accurately and promptly, the case of the defendant making such request, to ascertain his residence and occupation and whether or not he has been previously convicted of a crime or misdemeanor, or previously been placed on probation by any court; and the court may, in its discretion, require the probation officer to secure in addition, information concerning the personal characteristics, habits and associations of such defendant * * * and such other facts as may aid the court as well in determining the propriety of probation, as in fixing the conditions thereof. * * * Orders granting or refusing release on probation shall be entered of record. Applications for release on probation may, in the discretion of the court, be granted if it shall appear to the satisfaction of the court both that there is reasonable ground to expect that the defendant may be reformed and

that the interests of society shall be subserved." By paragraph 787 the court may impose such conditions therein mentioned upon the personal habits and conduct of the defendant as the court may deem necessary for his proper conduct and reform. Under paragraph 790 the court may discharge the defendant at the end of the probation period, or upon its earlier termination by order of the court, to be entered of record.

The statute thus vests the court with wide discretion as to the extent of the punishment of a defendant who has been admitted to probation. When probation is not asked, the court has no discretion as to the extent of the punishment. In such case the indeterminate sentence fixed by statute must be imposed. When probation is asked, the court has discretion to grant or deny the application, and if granted, the court has discretion, by the express terms of paragraph 790, as to the extent of the punishment. The discretion the court may exercise upon an application for probation is not an arbitrary discretion to be exercised at the mere will or whim of the court, but is a sound legal discretion dependent for its exercise upon the facts shown. It is obvious that where the facts are not shown and are not inquired into, the denial of probation is an arbitrary and unauthorized exercise of the power.

When paragraphs 732 and 786 are considered together, as required by all rules of statutory construction, it is manifest the legislature intended not only that an application for probation shall be investigated by the probation officer, but that the People and the defendant are entitled to have the court hear evidence in aggravation and mitigation of the offense, as bearing upon the question of whether the defendant shall be admitted to probation, as well as the conditions to be imposed, in case probation is granted. It would be an anomaly to hold that the court, in determining those questions, is confined either to the report of the

probation officer, who might be unwittingly prejudiced against or in favor of the defendant, or representations made by the State's attorney. The duty of the court to make a full and complete investigation, and the rights of the parties thereto clearly appear. The duties required of the probation officer demonstrate that his investigation is designed to assist the court in determining factors which would impinge upon the time of the court, but it is in no way conclusive upon the court, or the parties.

The claim of defendant in error that paragraph 786 requires an investigation only when an application for probation is granted, and has no application to a request for probation which is denied, is so groundless as to need no discussion. The language "and such other facts as may aid the court as well in determining the propriety of probation" clearly demonstrates that the legislature intended an investigation of the facts in every application for probation. *People* v. *Lehner,* 335 Ill. 424, has no application here. That case involved a statute which did not prescribe an investigation by the probation officer, except when required by a rule of the court. There was no showing that such a rule had been entered. The provision of the statute there considered was repealed in 1915. Paragraph 786, which is now in force, is mandatory in the requirement for an investigation by the probation officer.

Manifestly an application for probation is just as important to the general public and to the defendant where probation is sought in a case where an indeterminate sentence must be imposed if probation is not granted, as it is in a case where the court fixes a definite term of imprisonment. The object of the law and the determinative feature in either case is the protection of society and the reform of the defendant. (*People* v. *Penn,* 302 Ill. 488.) As was said in *People* v. *McWilliams,* 348 Ill. 333: "Fixing the extent of punishment for crime has not, and prob-

ably never can have, a definite scientific or philosophical basis." For this reason, the legislature has provided for hearing evidence in aggravation and mitigation of the offense, and an investigation by the court of the environments, tendencies and possibility of saving a defendant from a downward career, and rejuvenating him into a useful member of society, while at the same time protecting the public. Those requirements of the law cannot be disregarded. *People* v. *McWilliams, supra.*

The affidavit of the State's attorney shows the court heard evidence in aggravation of the offense. No testimony in mitigation was heard and the cause was not referred to the probation officer for investigation, but defendant, a minor not represented by counsel, was summarily sentenced to the penitentiary without an opportunity to be heard on the question of mitigation, or of any facts that might tend to show it was to the best interests of society and the defendant that he be admitted to probation. From the record in this case we are not satisfied that plaintiff in error did not plead guilty under a misapprehension that the court would admit him to probation. Whether such belief on his part was, or was not, well founded, the result is the same. The record indicates that he was not sufficiently advised as to his rights in connection therewith. Under the rule laid down in *People* v. *Byzon,* 267 Ill. 498, often repeated by this court, such a state of the record requires a reversal.

The judgment is reversed and the cause is remanded, with directions to allow the defendant to withdraw his plea of guilty and for such other proceedings as are consistent with the views herein expressed.

*Reversed and remanded, with directions.*