THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PETER FICARROTTA *et al.,* Plaintiffs in Error.

*Opinion filed Nov. 19, 1943—Rehearing denied Jan. 13, 1944.*

FRANK A. McDONNELL, of Chicago, for plaintiffs in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and

JOSEPH A. POPE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error Peter Ficarrotta was indicted in the criminal court of Cook county under four indictments each charging armed robbery and each containing a charge that the accused is an habitual criminal. He pleaded guilty to robbery while unarmed. Plaintiff in error Sam Mascio was impleaded with Ficarrotta on three of the four indictments. He pleaded not guilty, waived a jury trial and on hearing was found guilty on all three of the indictments.

On November 12, 1942, Mascio was tried on one of the three indictments against him charging him with robbing the Apollo Savings and Loan Association and its employee, one Charles Clancy, while armed. On trial of that case he was found guilty of robbery while unarmed. Mascio's counsel requested the court to consolidate for hearing all three of the cases against him. After trial on the one case, the facts pertaining to the other two indictments against him were stipulated and findings of guilty were entered on them on the same day. This was also on the day on which Ficarrotta pleaded guilty to the four indictments against him.

Plaintiffs in error here urge that the conviction under the indictment charging robbery of the Apollo Savings and Loan Association cannot stand because there was a fatal variance between the proof and the allegation in the indictment as to the name of the loan association, and that the record lacks any proof of the identity of the association. It is also said that there was no showing that the sum of $250, charged in that indictment to have been taken, was the property of the loan association. The indictment charges the robbery of the loan association and Charles Clancy. Clancy was the vice-president and executive manager. The robbers forced him to open the vault

in the directors' room and the money was taken out of the vault and taken from the possession of Clancy.

Cases cited in support of the contention as to variance are those involving embezzlement, receiving stolen property, and the like. The gist of the offense of robbery, however, is the force and intimidation used in taking from the person of another, against his will, property belonging to him or in his care. Even though it be said that the identity of the loan association was not clearly proved, it is clear that the money which belonged to the association was taken from the custody of Clancy. It was property in Clancy's care. The ownership of the property is unimportant, as possession thereof by the victim is sufficient for the purpose of establishing robbery. *People* v. *Guinto,* 374 Ill. 404; *People* v. *Kubish,* 357 Ill. 531; *People* v. *Daniels,* 354 Ill. 600.

It is also urged that what occurred was in effect such a mistrial as to render invalid the judgments entered on the various indictments against the plaintiffs in error for the reason, as urged by counsel, that the cases were all tried as one case and that no one may be put on trial for two or more separate and distinct felonies at the same trial. Counsel, however, are in error in concluding that plaintiffs in error were jointly tried on all indictments at the same time. Ficarrotta pleaded guilty to all the indictments and was not in any sense on trial when Mascio was tried. Moreover, the record shows that Mascio was sentenced on the indictment on which trial was had before hearing on the other two indictments, and that the charges in those indictments were heard on stipulated evidence. There is nothing in the record to justify the contention that these indictments were all tried at one time, though they were all tried on the same day. Not only was there no objection made to the manner in which these cases were tried, but Mascio's counsel requested that such proceeding be had. The accused may not ask the court to

proceed in a given manner and then assign as error in a court of review the ruling or action which he procured. *People* v. *Clements*, 316 Ill. 282.

Complaint is made also of treatment of the plaintiffs in error by the police officers of the city of Chicago in procuring statements from them while in custody, and before arraignment. No question of mistreatment was raised during the trial nor was objection made that the statements were improperly obtained. Such complaint may not be considered for the first time on review.

Other objections pertaining to the admission of evidence are made in the briefs, which, however, do not require an extension of this opinion for consideration. The record contains no error requiring reversal of the judgment and it is affirmed. *Judgment affirmed.*