(No. 29269.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM BROWN, Plaintiff in Error.

*Opinion filed January 23, 1946.*

LOUIS L. GOULD, and STEPHEN LEE, both of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

Plaintiff in error, William Brown, seeks reversal of a conviction of manslaughter on May 25, 1945, in the criminal court of Cook county. He was indicted for manslaughter and waived a jury trial. The judgment of the court sentenced him to a minimum of ten, and a maximum of fourteen, years in the penitentiary.

April 1, 1945, the defendant and James Moorehouse, the deceased, after playing pool for some time in a room located at No. 1433 West Roosevelt road, adjourned to the alley in the rear of the building to shoot dice. A quarrel occurred almost immediately, in which the defendant stabbed the deceased with a knife, from which he died within a short time.

The facts are confused. Upon the part of the People the evidence tended to prove that during an argument about paying the defendant a dollar he claimed to have won from the deceased, he took a knife from his pocket and struck at the deceased several times. He and the deceased had each other by the collar, and while so in contact the defendant had his knife in his hand, and deceased requested a witness to call the police, for he did not want to hurt the defendant. The defendant admits the argument and the fight, but says when the deceased grabbed him by the collar he had got his knife to scare him; that they then separated and the deceased got a broken bottle, and during an attempt to assault the defendant with the same the latter again got out his knife and cut or stabbed the deceased. In his testimony defendant says he seized the hand holding the bottle, got out his knife, cut him three times, and then ran up the alley. He also testified that the first time he got the knife from his pocket the deceased had nothing in his hands. After death it was discovered the latter had been stabbed six times. Both were young men, defendant weighing 165 pounds, and deceased 145 pounds. The defendant claims self-defense. The evidence discloses the defendant

drew a knife during the first argument, when the deceased was unarmed. Further, he struck the deceased three times after the latter had dropped the bottle. There is evidence the deceased was cut or stabbed in the first encounter, when he was not armed.

Manslaughter is the unlawful killing of a human being without malice, express or implied, and without any mixture of deliberation whatever. It must be voluntary, upon a sudden heat of passion, caused by a provocation apparently sufficient to make the passion irresistible, or involuntary in the commission of an unlawful act without due caution or circumspection. Ill. Rev. Stat. 1945, chap. 38, par. 361; *People* v. *Bissett,* 246 Ill. 516.

*People* v. *Pursley,* 302 Ill. 62, presents facts somewhat similar to those in this case. We there held that where one engaged in a fist fight is the aggressor, and the other unexpectedly attacks with a deadly weapon, and the aggressor kills while resisting the deadly assault, his offense is manslaughter, but where one attempt was made by the deceased to strike the defendant with his fist, it would not be sufficient to justify the use of a deadly weapon, or reduce the offense to manslaughter.

The facts as related in this case by the People's witnesses show no justification for the defendant using a knife when the deceased was using only his hands or fists and the defendant was in no other apparent danger than that which might be suffered in an ordinary fist fight, and where the parties were apparently of about the same size and strength. The defendant admits he used a knife upon the deceased before the latter had procured the broken bottle. All of the witnesses agree that the defendant struck the deceased five or six times with a knife. Some of those strokes were before the deceased had anything in his hands, as indicated by the six wounds found upon his body.

Where a case is tried without a jury the law has committed to the trial court the determination of the credi-

bility of the witnesses and the weight to be accorded to their testimony. (*People* v. *Sain*, 384 Ill. 394.) The evidence adduced in the case was ample to justify a refusal of a directed verdict and to establish that the defendant was guilty of manslaughter beyond a reasonable doubt.

After the evidence was concluded, and after the case had been submitted to the court for decision, the court remarked that the defendant, on the facts, could have been charged with murder, and this is assigned as error. It is not necessary for us to say whether the court acted improperly in making this remark. It depends upon what witnesses he believed. In making this comment the court said: "In this case this man apparently was the aggressor. He is the one at least that had the knife out first. The other man did not have any weapons in his hand. This man was big enough to take care of himself and could have gotten away if he had wanted to, but apparently was bent on doing some stabbing and he did." There was evidence in the record to sustain the court in this belief, and while it was an unnecessary comment, the court nevertheless did not go beyond the charge but simply made the finding "guilty of manslaughter." Without regard to the views of the court as to the duty of the defendant to get away, or to avoid a conflict, the facts recited as existing made a clear case of manslaughter, if not more.

The objection to the remarks of the State's Attorney is without merit. He merely agreed with the court in its comment that the charge should have been murder instead of manslaughter. He neither said nor did anything to inflame the court. The cause for the remarks was the existing facts, clearly showing the guilt of the defendant, and his being fortunate in not being indicted for the graver offense.

Defendant's counsel asked the court if he would consider probation. The court replied that he would not, that he would accept the motion, but would refuse it. On this

proposition the court said: "Except for this particular act, of course, his reputation and his conduct have been apparently all right. But from this evidence the court is not justified in giving probation. I could have an examination made, but it wouldn't disclose any more than we probably know here. He is lucky he is not charged with murder." It is perfectly apparent the court was willing to consider that the defendant was one who would be eligible for probation, except for the extremely serious nature of the crime and the facts surrounding it. We have several times held that we cannot review the discretion of the trial court in granting or refusing probation. *People* v. *Denning,* 372 Ill. 549; *People* v. *Racine,* 362 Ill. 602; *People* v. *Wheeler,* 349 Ill. 230.

Plaintiff in error calls our attention to *People* v. *Donovan,* 376 Ill. 602. The facts in that case are not parallel. In that case a young man twenty years of age was indicted for forging a small check; he pleaded guilty, and, in refusing his application for probation, the court heard evidence in aggravation of the offense, and refused to hear evidence in mitigation. The defendant had pleaded guilty without counsel. In that case we held that the discretion given the court was not an arbitrary discretion. In this case the court did receive the application for probation, and did consider that the defendant's reputation and previous conduct were good. He did determine, however, that the facts surrounding the commission of the crime were so serious that he would not be justified in granting probation. When facts which could have been shown by hearing are considered as proved by the court, there could be no abuse of discretion in denying probation in this case. The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*