(No. 29304.—

The People of the State of Illinois, Defendant in Error, *vs.* Joseph B. Kessler, Plaintiff in Error.

*Opinion filed May 21, 1946.*

Joseph B..Kessler, *pro se.*

George F. Barrett, Attorney General, and Francis C. King, State's Attorney, of Rock Island, for the People.

Mr. Justice Fulton delivered the opinion of the court:

Joseph Bird Kessler, defendant and plaintiff in error, was indicted in the circuit court of Rock Island county on

May 3, 1944, for a crime against children. On May 8, 1944, the defendant appeared in the said court with counsel and upon arraignment waived the right of trial by jury in writing, and pleaded guilty to the charge made in the indictment. After the court entered the plea of guilty the defendant applied for probation and the court continued his application for investigation and report. Subsequently, on June 7, 1944, the matter of probation was heard before the court and the petition denied. The defendant was thereupon sentenced to the Illinois State Penitentiary for a term of not less than one nor more than five years or until discharged according to law.

The defendant prosecutes this writ of error to review the record and appears *pro se*. In support thereof he has filed the common-law record and a copy of a purported transcript of proceedings heard on a petition in the nature of a writ of error *coram nobis* and motion to vacate the order of said court denying probation to the defendant.

While the defendant complains that he did not have a full and complete hearing on his application for probation, the transcript thus filed is not properly certified or authenticated and cannot be considered in this proceeding. This court has many times held that we cannot review the discretion of the trial court in granting or refusing probation. (*People* v. *Brown*, 392 Ill. 519; *People* v. *Denning*, 372 Ill. 549; *People* v. *Racine*, 362 Ill. 602.) The action of the court in refusing to grant probation was an act of discretion not subject to review in this court.

The defendant further contends that the court erred in pronouncing sentence in the absence of the State's Attorney or his representative. The common-law record shows conclusively that the State's Attorney was present in the court room at the time the defendant was sentenced. We have often held that the record of the trial court imports verity and that it cannot be contradicted or amended except by other matters of record or by or under the au-

thority of the court. Such record cannot be impeached by mere oral testimony. *In re Cash*, 383 Ill. 409.

Defendant further complains of the failure of the court to examine evidence or witnesses in mitigation and aggravation of the offense prior to sentence. The section of the statute relied upon by defendant is section 4 of division XIII of the Criminal Code (Ill. Rev. Stat. 1943, chap. 38, par. 732,) which provides as follows: "In all cases where the court possesses any discretion as to the extent of the punishment, it shall be the duty of the court to examine witnesses as to the aggravation and mitigation of the offense."

The common-law record presented is silent as to whether evidence on this point was heard. The section has, however, been often construed by this court. We have consistently held that where the record does not disclose that either the State's Attorney or the defendant requested the trial court to examine any witnesses in the matter of mitigation or aggravation before passing sentence, the presumption is that the defendant waived any hearing on that subject. Also that in the absence of a bill of exceptions, the right to such a hearing will be deemed waived. *People* v. *Bernovich*, 391 Ill. 141; *People* v. *Throop*, 359 Ill. 354; *People* v. *Farris*, 392 Ill. 267.

The record in this case shows that at the time the defendant waived trial by jury he was fully advised by the court as to his rights and that he was entitled to a trial by jury. The court further explained to the defendant the consequence and penalty under a plea of guilty and his right to retract such plea if he so desired, but the defendant persisted in his plea and was sentenced accordingly.

We find no merit in the errors assigned by the defendant, and the judgment of the circuit court of Rock Island county is affirmed.                    *Judgment affirmed.*