(Nos. 33472, 33473, Cons.—)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN PELIKAN, Plaintiff in Error.

*Opinion filed May 20, 1955—Rehearing denied September 19, 1955.*

JOSEPH LUSTFIELD, of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, (JOHN L. DAVIDSON, JR., FRED G. LEACH, and GEORGE W. SCHWANER, JR., of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

The plaintiff in error, John Pelikan, herein designated defendant, has sued out this writ of error to review the judgment of the criminal court of Cook County sentencing him to not less than one nor more than ten years in the penitentiary. The defendant was charged with armed rob-

bery and submitted his case to the court without a jury. He was found guilty on June 3, 1954. On the same day motions for a new trial and in arrest of judgment were overruled, and his application for probation was denied.

On June 29, 1954, counsel for the defendant filed a motion to vacate the sentence, alleging, among other things, as follows: that he had read an article in a Chicago newspaper that the judges of the criminal court of Cook County met at an informal conference on January 22, 1954; that at said meeting, under the pretext that there should be a uniformity of sentences when dealing with those convicted of armed robbery the judges agreed that in the future all defendants found guilty of armed robbery should be sentenced to the penitentiary for a term of not less than one nor more than ten years and that probation should not be considered for such defendants; and that the records of the criminal court of Cook County will disclose that subsequent to the date of said meeting only one or two persons who have been convicted of armed robbery have been granted probation. He prayed the court to vacate the sentence and give him leave to present evidence in support of his motion. The court, however, denied the motion.

No question is being raised as to the sufficiency of the evidence to sustain the conviction. Rather, the only issue pertains to the court's exercise of its discretionary power in denying the application for probation. The defendant does not urge any irregularity other than the alleged agreement among the members of the criminal court of Cook County relating to uniformity of sentence and denial of probation in armed robbery cases.

The procedure followed in processing the application for probation was somewhat unusual. At the time of the arraignment a plea of not guilty was entered, and then, presumably at the defendant's request, (at least he made no objection thereto), the court ordered the probation officer to make a pretrial investigation. The contents of the

probation officer's report are not in the record, but a colloquy between the court and counsel for the defendant (as well as the allegations of the defendant's motion to vacate the sentence) disclose the general nature of the report. The defendant is shown to have had no prior criminal record, and the report further advised the court as to the defendant's personal and social background. As aforesaid, the defendant made no objection to this procedure, nor does he contend he was thereby prejudiced in any way. Therefore, his assertion that the denial of probation was arbitrary must be grounded entirely upon the alleged agreement among the judges of the criminal court of Cook County.

It is fundamental that the granting or denying of an application for probation rests within the discretion of the trial court. (*People* v. *Molz*, 415 Ill. 183; *People* v. *Miller*, 317 Ill. 33.) There are several cases in which this court has indicated that the action of the trial court in the exercise of said discretionary power is not reviewable by this court. (*People* v. *Molz*, 415 Ill. 183; *People* v. *Syer*, 400 Ill. 444; *People* v. *Denning*, 372 Ill. 549; *People* v. *Racine*, 362 Ill. 602.) However, in *People* v. *Donovan*, 376 Ill. 602, reversal of the judgment was based in part upon the ground that the action of the court in denying probation, where that action was not predicated upon any knowledge of the offense or of the offender, was arbitrary and unauthorized. Thus, it would appear from an analysis of these cases that this court will not disturb the granting or denying of probation by the trial court when that court has exercised its judicial discretion. Obviously, we must review the record in order to make this determination.

In this case the court heard the testimony at the trial. In addition, at the time it denied the application for probation it had before it the probation officer's report outlining the personal history of the defendant, and the defendant had ample opportunity to present evidence in mitigation.

278

Without any further showing, therefore, it is clear that the action of the trial court should not be disturbed.

We next consider the effect of the alleged agreement among the trial judges. Trial judges, of course, have no power to bind themselves to any informal agreement which would result in their being unable to exercise the judicial discretion vested with them. So, even assuming such an agreement did exist when the defendant's application was denied, it was not binding upon the trial court. Moreover, by the very allegations of the motion it appears that the judges of the criminal court have not bound themselves to any such agreement, since it is conceded that since the date of said alleged agreement one or two persons who have been convicted of armed robbery were admitted to probation. Finally, in the motion to vacate, counsel for the defendant does not charge that the *basis* for the court's refusal to grant the defendant probation was the alleged agreement. On the contrary, the record demonstrates that the action of the trial court was predicated upon a sufficient knowledge of the facts so that the order denying probation was within the realm of discretion lodged with said court.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*