**The People of the State of Illinois, Appellee, v. Noel Evrard, Appellant.**

Gen. No. 65–32.

Fifth District.

November 24, 1965.

Julius Lucius Echeles, of Chicago, for appellant.

Frank Bonan, State's Attorney, of McLeansboro, for appellee.

EBERSPACHER, P. J.

This is an appeal taken pursuant to Chapter 38, Section 121–9(b)(4), Ill Rev Stats 1963, which permits a reviewing court to reduce punishment imposed by a trial court.

The record discloses that appellant was indicted by the grand jury of Hamilton County for the crimes of rape and taking indecent liberties with a fifteen-year-old girl. He plead not guilty, and waived a trial by jury. At the conclusion of the trial, the court adjudged him guilty of the crime of taking indecent liberties, and sentenced him to the penitentiary. The record did not disclose that following the judgment of guilty, there was a hearing in the trial court in aggravation or mitigation. This court affirmed the judgment of guilty, but remanded the cause with directions to the trial court to "hear and receive evidence as to defendant's moral character, life, family, occupation and criminal record, and thereupon impose punishment not inconsistent with this opinion." (People v. Evrard, 55 Ill App2d 270, 204 NE2d 777).

Upon reinstatement of the cause in the circuit court and at the inception of the hearing the trial court stated: "Let the record show this cause comes on for hearing pursuant to the notice, for the sole purpose of presenting evidence in mitigation and aggravation, and to determine the proper sentence for this defendant." The court then inquired of counsel for defendant if that was his understanding, and being assured that it was, counsel for defendant called the defendant as a witness in his own behalf and he was examined by his counsel and cross-examined by the State's Attorney.

The defendant testified that at the time of the hearing, on April 8, 1965, he was 31 years of age; that he had attended high school for three years, dropping out when he was 16 years of age, and for two years thereafter he worked at Pontiac, Michigan, married and entered the military service. He received an honorable discharge

from the Army in 1955, and was thereafter divorced, and his wife was granted the custody of their two children. Subsequently the defendant remarried, and at the time of the hearing was living with and supporting his wife and two children by this marriage, and was also contributing to the support of his children by the previous marriage. Appellant further testified that he had worked for various construction companies and at the time of the hearing was employed by the Freeman Coal Company at Logan, Illinois, and had been for about two years, and that his weekly wage was between $120 and $135 per week. He further testified that in 1962 he was in a tavern where the barmaid shot his brother, and in connection with this affair, he was convicted of disorderly conduct and fined $32. He concluded his testimony by stating that he was devoted to his family, and was deeply sorry and ashamed of the offense for which he was convicted, and if the court would consider a different sentence, he would abide by whatever conditions were imposed.

The wife of the defendant was then called as a witness, and she testified that her husband did not indulge in the use of intoxicating liquor and corroborated the testimony of her husband in that he was steadily employed and supported his family. The defendant and his wife were the only witnesses called by appellant. The Chief of Police of the City of Marion and the radio operator for the Sheriff of Williamson County were called by the State's Attorney, but the evidence of these officers shed little, if any, light on the moral character, life, family, occupation or criminal record of the defendant.

At the conclusion of this hearing, which was before the same judge who heard the case originally, the trial court recounted some of the facts and stated that he was unable to conceive of a defendant who was guilty of such a "serious and vicious crime" having the "audacity of coming in and asking the court to place him on proba-

120

tion." The court then stated that he should take into account the previous good record of the defendant, and under all the circumstances he would grant the application for probation, and entered an order admitting the defendant to probation for a period of five years.

One of the conditions of the probation order was that defendant should spend the first six months of his probation at the Illinois State Farm. This provision of the order was not acceptable to the defendant, and his counsel stated to the court that the purpose of punishment is to rehabilitate the defendant; that "if the defendant goes to Vandalia for six months, that degree of punishment would not be appropriate to defendant's rehabilitation," and requested the court to reconsider the imposition of this condition. The trial court refused and this appeal followed, which seeks only a reversal of that portion of the probation order which directed that defendant spend the first six months of his probation at the Illinois State Farm.

Upon oral argument in this court, counsel for appellant, in answer to a question by the court, stated that the defendant did not complain of any of the conditions embraced in the order admitting defendant to probation except that portion which directed that he spend the first six months of his probation at the Illinois State Farm.

██ It is suggested by counsel for appellee that the sentence originally imposed by the trial court which committed defendant to the Illinois State Penitentiary for an indeterminate sentence and fixed the maximum duration of his imprisonment at three years, and the minimum duration of his imprisonment at one year, has not been reversed, vacated or set aside, and that it is therefore in full force and effect. Upon our former review of the record in this case, the judgment of guilty of the offense charged was not reversed but was affirmed. The cause, however, was remanded to the trial

court with directions to that court to "hear and receive evidence as to defendant's moral character, life, family, occupation and criminal record, and thereupon to impose punishment not inconsistent with this opinion." The effect of this was to vacate the sentence imposed and the trial court, the defendant and his counsel, and the State's Attorney correctly so construed our holding and proceeded accordingly. There is no merit in this contention of counsel for appellee.

The Code of Criminal Procedure, effective January 1, 1964, repealed the provisions of the former Act and provided that any person found guilty of any offense, except a capital offense, the sale of narcotics or rape, may be admitted to probation, and authorized the admission of this defendant to probation if it appeared to the trial court that: (1) The defendant was not likely to commit another offense; (2) the public interest did not require that the defendant receive the penalty provided by law; and (3) the rehabilitation of the defendant does not require that he receive the penalty provided for the offense. The Code further provides that the term of probation shall be not less than six months, and not to exceed five years, and that the party admitted to probation shall remain subject to the jurisdiction of the court. (Ill Rev Stats 1963, c 38, § 117–1.) It enumerated the mandatory and discretionary conditions of probation. The first discretionary one provides for imprisonment in a place of confinement other than a penitentiary for a period not to exceed one year, and in no event to exceed the maximum penalty provided for the offense. (Ill Rev Stats 1963, c 38, § 117–2.)

In his brief and argument filed in this court, counsel for appellant says that upon this hearing the trial court was piqued and irritated because the court had remanded the cause for sentence. Counsel argue that the trial court, in committing defendant to the Illinois State Farm as one of the conditions of his probation, dis-

regarded the manifest intention of this court, and insists that incarceration of defendant is too severe and would cause defendant to lose his employment and earnings and visit extreme hardship on his wife and children, and calls to our attention the language used in our former opinion, where we said: "A careful review of defendant's testimony indicates remorse and contrition, and the record reflects a statement by the court to the effect that the crime was unfortunate, but not wilful or premeditated. If this defendant is of prior good record, it may well be that probation would be adequate punishment and would best effect his rehabilitation. Sections 117–1 and 117–2 (Ill Rev Stats 1963, c 38, §§ 117–1, 117–2) provide for probation in proper cases, and the basic rules of conduct to which a probationer must conform. Unless this defendant is incorrigible or has recidivistic tendencies not demonstrated in the record, a carefully supervised period of probation is more likely to result in rehabilitation than is a term in the penitentiary." (People v. Evrard, 55 Ill App2d 270–276, 204 NE2d 777.)

In support of this argument and appellant's contention, counsel cites Yates v. United States, 356 US 363, 2 L Ed2d 837; United States v. Wiley, 267 F2d 453; United States v. Wiley, 278 F2d 500; and United States v. Wiley, 184 F Supp 679.

In the Yates case, supra, it appeared that the defendant was convicted of contempt of court for refusing to answer eleven questions relating to whether persons, other than herself, were members of the Communist Party. The United States District Court imposed eleven concurrent sentences, which the Ninth Circuit Court of Appeals affirmed. The Supreme Court of the United States stated that the finding of a separate contempt for refusal to answer each question constituted an improper multiplication of contempts, and held that only one con-

123

tempt was committed, affirmed the conviction as to one specification, and remanded the cause for resentencing.

In United States v. Wiley, 267 F2d 453, the trial court refused probation and imposed a three-year sentence on the defendant. The Circuit Court of Appeals held, that in entertaining an application for probation, a District Court could consider the fact that the defendant had entered a not guilty plea when he had only a frivolous defense, but that the trial court could not deny probation solely because the defendant had elected not to enter a guilty plea. The Appeals Court affirmed the judgment of guilty, but remanded the cause to the District Court for consideration of defendant's application for probation with instructions "that it perform the functions imposed upon it under the Probation Act as herein indicated."

Upon reinstatement of the Wiley case in the District Court, a hearing was had on defendant Wiley's motion for probation. At the conclusion of the hearing, the application for probation was denied, and again a three-year sentence was imposed on the defendant, and the defendant again appealed. The Circuit Court of Appeals, upon this second appeal, referred to its former opinion wherein it was said that a trial court's decision on whether or not probation shall be granted is seldom set aside, and then continued: "While we are strongly of the opinion that, if we were sitting in this cause in place of the district judge, we would have granted Wiley probation, we are not convinced that his taking an opposite view shows that he abused his discretion. He did conduct a hearing as required by our mandate, and in that respect, we will let the matter rest." The opinion then pointed out the disparity between the sentence imposed on Wiley, who was an accessory, and upon the principal defendant, and alluded to the fact that the principal defendant had four prior felony convictions, and received a two-year sentence, while the defendant Wiley received a three-year sentence, although he had no prior criminal

record. The court concluded that the trial court had arbitrarily and without justification singled out a minor defendant for the imposition of a more severe sentence than that imposed on the codefendants, and the Appeals Court again set aside the sentence and remanded the cause to the District Court for a proper sentence. (United States v. Wiley, 278 F2d 500.)

Upon reinstatement of the case, the Chief Judge of the District Court, who had imposed and reimposed the three-year sentence, in an interesting opinion, reviewed the case and concluded thus: "In good conscience, and with due regard to my oath of office, I cannot conclude that any sentence less than three years is either just or proper in the case of Wiley now before me. Accordingly, I hereby now again reimpose my original sentence of three years. However, out of my deep respect for the Court of Appeals, and in obedience to its mandate, I also hereby suspend the execution of said sentence. The defendant Wiley may go hence without day." (United States v. Wiley, 184 F Supp 679–688.)

The facts in these cases, relied upon by counsel for appellant, are not analogous to the facts in the instant case. Here the trial court gave full and adequate consideration to the expressions in our former opinion, heeded the intimations and suggestions of this court, and admitted this defendant to probation. There is nothing in this record which sustains appellant's charge that the trial court was irritated or piqued or that the disposition of the case by granting defendant probation and imposing the conditions which were imposed, was prompted by any consideration other than a studied and sincere desire to administer justice in accordance with the statute and the expressions and directions contained in the former opinion of this court.

The judgment of the trial court finding appellant guilty was affirmed by this court. Upon remandment for a hearing in aggravation and mitigation, the provi-

sions of the statute and the directions of this court were followed. At the conclusion of the hearing no sentence was imposed on the defendant for the offense of which he had been adjudged guilty, but upon defendant's application, an order was entered admitting defendant to probation, and all the imposed conditions of probation were in accordance with the statute.

In People v. Molz, 415 Ill 183, 113 NE2d 314, it appeared that the defendant plead guilty, and was adjudged guilty of armed robbery. The defendant made application for probation, which application was referred to the probation officer for investigation and report. The probation officer filed a report, and a hearing was had, the application denied, and the defendant sentenced to the penitentiary. It was insisted that the trial court did not give the application for probation the consideration it merited.

In affirming the judgment, after detailing the facts as disclosed by the record, the Supreme Court (p 188) cited Burns v. United States, 287 US 216, 53 S Ct 154, to the effect that there is no constitutional right to probation, and that after a plea of guilty, a prisoner stands convicted and faces punishment and "cannot insist on terms or strike a bargain." The court, omitting citations, then continued (p 189) : "The first rule of law, then, is that the granting or refusing of an application for probation generally rests within the sound discretion of the court, this discretion to be exercised primarily for the benefit of society, and only incidentally for the benefit of the accused. Our reports are replete with statements by this court that this discretion is not even reviewable. The only modification or relaxation of this rule which we have been able to find in this state appears in People v. Donovan, 376 Ill 602."

In the Donovan case, 376 Ill 602, 35 NE2d 54, the defendant plead guilty to forgery. His application for probation was denied and he was sentenced to the penitentiary. Five days later he filed a motion to set aside

the judgment of conviction and for leave to withdraw his plea of guilty. This motion was denied.

Upon a review of the record, the Supreme Court quoted some of the provisions of the Act providing for a System of Probation then in effect, and observed (p 606) : "When probation is asked, the court has discretion to grant or deny the application and, if granted, the court has discretion, by the express terms of paragraph 790, as to the extent of the punishment. The discretion the court may exercise upon an application for probation is not an arbitrary discretion to be exercised at the mere will or whim of the court, but is a sound legal discretion dependent for its exercise upon the facts shown. It is obvious that where the facts are not shown, and are not inquired into, the denial of probation is an arbitrary and unauthorized exercise of the power." The court then held that under the statute then in force, the requirement for an investigation by the probation officer was mandatory, reversed the judgment of the trial court, and remanded the cause with directions to allow the defendant to withdraw his plea of guilty.

Although the present Code of Criminal Procedure repealed the provisions of the former Act, many of the holdings and expressions of courts of review remain applicable to cases where the facts are analogous. In the recent case of People v. Smith, 62 Ill App2d 73, 210 NE2d 574, the Appellate Court of the First District in an opinion delivered by Mr. Justice Dempsey stated: "The 1963 Code of Criminal Procedure has made significant changes in the law, but not all of the changes are such that the guideposts provided by earlier decisions need be abandoned." The court cited People v. Evrard, 55 Ill App2d 270, 204 NE2d 777, and said that a defendant has neither an inherent nor a statutory right to probation, and that granting or not granting probation rests in the discretion of the court.

127

Under the Federal Practice an order of a United States District Court suspending the imposition of sentence and placing a defendant on probation was held to be a final and appealable order. (Korematsu v. United States, 319 US 432, 63 S Ct 1124, 87 L Ed 1497.) In that case the court said that the probationary surveillance was the same whether sentence was or was not imposed; that the defendant must abide by the order of the court, obey the terms and conditions imposed upon him, or subject himself to a possible revocation or modification of his probation. In conclusion the court said: "When discipline has been imposed, the defendant is entitled to review."

The majority of this court is of the opinion that such discretion, as is reflected by the conditions of probation imposed by the trial court at its discretion, is reviewable by this court; that the tenor of the Criminal Code, the Code of Criminal Procedure, and the Provisions of Supreme Court Rule 27, subpar. (16), are to the effect that an order granting probation is reviewable; and particularly that when the imposed discipline involves a deprivation of freedom, the defendant is entitled to review. (Korematsu v. United States, supra, cited with approval in People v. Sims, 32 Ill2d 591, 208 NE2d 569.)

In the instant record there is no indication that the trial court was not eminently fair, or that in admitting defendant to probation and imposing the condition that defendant spend the first six months of his probation period in the Illinois State Farm, he was influenced by anything other than a desire to dispose of the case by a determination, as the trial court expressed it, "of what is fair and reasonable under the circumstances." There is nothing in the record to indicate that the trial court did otherwise, and we are not disposed to disturb the discretionary order which he entered, to reverse which this appeal is prosecuted. The order appealed from should therefore be affirmed.

The order of the Circuit Court of Hamilton County is affirmed.

GOLDENHERSH, J., concurs.

DOVE, J. Specially concurring:

If the order appealed from is subject to review by this court, I agree with the majority of this court and concur in affirming that order. It is my opinion, however, that the order is an interlocutory one and not appealable.

As defined by the Code of Criminal Procedure: "Probation means the conditional and revocable release before sentence, and under the supervision of an officer of the trial court, of a person who has been found guilty of an offense." (Ill Rev Stats 1963, c 38, § 102–18.)

The applicable provision of the statute which counsel for appellant insists authorizes this appeal is § 121–9(b) of the Criminal Code. This section provides: "On appeal the reviewing court may: (b–1) reverse, affirm or modify the judgment or order from which the appeal is taken; (b–2) set aside, affirm or modify any or all of the proceedings subsequent to or dependent upon the judgment or order from which the appeal is taken; (b–3) reduce the degree of the offense of which the appellant was convicted; (b–4) reduce the punishment imposed by the trial court; or (b–5) order a new trial if justice so requires."

The appeal referred to in this section is from the judgment of guilty entered prior to the admission of defendant to probation, which appeal is expressly granted by § 117–1 (b–d) of the Code. The punishment here referred to is that punishment imposed on the defendant by the trial court which pronounced the sentence following the court's finding of guilt. It is not the commitment or confinement embraced in a discretionary order admitting a defendant to probation. The punishment imposed by the trial court to which this provision is applicable has

reference to the penalty fixed by the law defining and inhibiting the Criminal Act, and the word *punishment*, as here used, is synonymous with the word *penalty*. (Featherstone v. People, 194 Ill 325, 334, 62 NE 684).

In People v. Bardens, 394 Ill 511, 68 NE2d 710, the court after citing and quoting from the Featherstone case, supra, and People v. Jenkins, 322 Ill 33, 152 NE 549 says (pp 516–517): "Probation is a substitute for imprisonment. . . . A sentence to imprisonment in the penitentiary cannot be synonymous with a grant of probation entitling the convicted defendant to escape a penalty of imprisonment." The court continues (p 517): "As pertinently pointed out in Commonwealth v. Smith, 130 Pa S 536, 198 A 812, the court in deciding that an order of probation is not a sentence, commented: 'It delays the sentence and may result in the release of the defendant at the end of the probationary period, but until the conduct of the defendant has been such as to harmonize with the conditions of probation, the sentence is in abeyance. And on failure to perform the conditions the defendant may be sentenced as provided in the act under which the indictment was drawn.' It is nowhere in the act called, or referred to, as a sentence. . . . An examination of the provisions of Section 1 of the Probation Act as amended (citation), shows that the placing of the defendant on probation on such terms and conditions as the court may deem right and proper is regarded as a judgment, and the terms and conditions of probation are directed to be duly entered of record 'as a part of the judgment in such case.' But it is not a final judgment of sentence. . . . It is rather an interlocutory judgment, in the nature of a conditional order placing the defendant under the supervision and control of the court, in a system of tutelage designed for his reformation (citations), to be followed by a final judgment of discharge, if the conditions of his probation are complied with (citation), or by a final judgment of sentence on

his being brought before the court following a violation of the terms of his probation."

Supreme Court Rule 27, subpar (16) provides in part: "Where an appeal is taken . . . from an order admitting the defendant to probation, or from an order altering the conditions of probation, the sentence or order may be stayed by the trial court or the reviewing court, or a judge thereof." (28 Ill2d XXVI.)

It might be inferred from this language that an order admitting a defendant to probation was an appealable one, but the rule does not expressly so provide, and the statute limits an appeal (a) from a judgment of the trial court which alters the conditions of the probation order, or (b) from a judgment of the trial court terminating the probation. (Ill Rev Stats c 38, § 117–3(e).) The statute expressly provides that a judgment of guilty shall be entered prior to the admission of defendant to probation, and it shall be a final judgment subject to review, under Article 121 of the Code. (Ill Rev Stats c 38, § 117–1(d).)

There is no statute or rule of court which expressly grants a review to a defendant where a defendant has made an application for probation and his application has been granted, and the cause continued during the period of probation. Had the General Assembly or the Supreme Court by rule intended that an appeal could be taken from a provision contained in an order admitting a defendant to probation, the General Assembly or the Supreme Court would have expressly so provided.

This court in its former opinion has affirmed the judgment of the trial court finding appellant guilty of the criminal offense charged. Upon remandment by this court for a hearing in aggravation and mitigation, the directions of this court were followed, and at the conclusion of the hearing, the court imposed no sentence on defendant, as provided by law, for the offense he had been adjudged guilty of, but entered an order granting

131

defendant's application for probation and released him on probation for five years. The terms and conditions imposed by the court were authorized by the statute. In the absence of a statute expressly granting the right of review of a particular interlocutory decision, a case may not be taken to a reviewing court, and if "a court grants probation on the accused's application and continues the cause during the period of probation, there is no final decision for review." (15 ILP Criminal Law, § 843.) This was clearly the law prior to the effective date of the Criminal Code of 1963 and was so held in many cases. (People v. Kessler, 394 Ill 26, 67 NE2d 197; People v. Wheeler, 349 Ill 230–234, 181 NE 623; People v. Miller, 317 Ill 33, 38, 39, 147 NE 396; People v. Brown, 392 Ill 519, 523, 64 NE2d 739; People v. Bonheim, 307 Ill 316, 321, 138 NE 627; and People v. Pelikan, 6 Ill2d 275, 277, 128 NE2d 741.)

In People v. Ficarrotta, 385 Ill 108, 111, 52 NE2d 165, it is said: "An accused may not ask the court to proceed in a given manner and then assign error in a court of review the ruling or action which he procured." That is exactly what appellant seeks to do here. He made an application for probation. His application was granted and an order was entered admitting him to probation. He and his counsel knew that if granted probation as requested, that the statute set forth the mandatory and the discretionary conditions which the order he desired and requested must or could contain. By this appeal he seeks a review of only one condition of the order which he moved the trial court to enter.

Under the Federal Practice, the trial court imposes a sentence and may then suspend that sentence and admit the defendant to probation. Such an order has been held to be final and appealable. (Korematsu v. United States, 319 US 432, 63 S Ct 1124, 87 L Ed 1497.) Our Supreme Court has cited this case with approval and referred to its "persuasive reasoning" (People v. Sims, 32 Ill2d 591,

132

208 NE2d 569), but, as said in People v. Smith, 62 Ill App2d 73, 210 NE2d 574, not all the "guideposts provided by earlier decisions need be abandoned," even though the new Code of Criminal Procedure has made significant changes in the law.

Counsel for appellee has made no motion to dismiss this appeal or questioned the right of appellant to appeal from a portion of an order admitting defendant to probation, but has joined in this appeal and filed a brief. There is, however, no provision in the new Criminal Code, or rule of the Supreme Court, expressly granting this appeal. The order is interlocutory and not final. The cause is pending in the trial court and the proper order for this court to enter is to dismiss the appeal.