(No. 35370.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSE VILLALOBOS, Plaintiff in Error.

*Opinion filed October 31, 1960.*

EDWARD J. CALIHAN, JR., of Chicago, for plaintiff in error.

WILLIAM L. GUILD, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and FRANCIS X. RILEY, and MARVIN E. ASPEN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

Defendant was convicted in the criminal court of Cook County of the crime of unlawfully dispensing narcotic drugs. We have issued a writ of error and the case is now before us for review.

Defendant contends here that the evidence was insufficient to establish his guilt and also urges that an oral confession which was testified to by a police officer was improperly admitted in evidence. The principal witness for the State was Carl Kaden, a narcotics addict. He testified that he contacted certain police officers and offered to make a buy of narcotics from the defendant. The officers searched him and found that he had no money or narcotics and gave him two five-dollar bills after making a record of the serial numbers of the bills. Kaden took a subway from the police station to North and Halsted streets and then took a bus down Halsted to Adams Street where he met defendant outside of a pool hall, gave him the money and received some narcotics from defendant. Kaden testi-

fied that he took the drugs back to the police station and handed them over to police officer Cooperman. He testified that he was gone about an hour and a half from the time he left the police station until the time he returned. He then went with the officers to the vicinity of Halsted and Adams looking for defendant but could not find him. The following morning Kaden went before a magistrate and signed a complaint as a result of which a warrant was issued for the arrest of defendant. Defendant was arrested the following day, and when he was searched one of the five-dollar bills which had been given to Kaden by the officers was found in defendant's pocket. Kaden testified over objection that he had purchased narcotics from the defendant on many occasions prior to the date of the sale charged in the indictment. He testified on cross-examination that he had been picked up on a burglary charge and he thought that if he helped the police apprehend defendant he might get a break on that charge. He stated that he had helped the police on other occasions and that the police never paid him for his help and that he furnished this assistance hoping that they would consider his help in connection with the other case.

Police officer Cooperman testified as to the search of Kaden and as to the money which was given him and testified that when Kaden returned to the station with a package which he had obtained from defendant he made a test of the contents, which test disclosed that the substance might be an extract of opium. Following the test, he went to the place where Kaden had told them that he had purchased the drugs but was unable to locate defendant that night. He further testified that on the following day he and Kaden again returned to the vicinity and Kaden pointed out defendant to the officers, who placed him under arrest. He also testified that he searched defendant and found one of the marked five-dollar bills in his wallet. On cross-examination defendant's counsel inquired as to whether defendant

had denied his guilt of the transaction when he was arrested. The officer answered that defendant at first denied knowing anything about it but that defendant later admitted knowledge of it to him. Defendant's counsel then asked what it was that defendant admitted knowledge of and the officer replied that defendant stated that he had been involved in selling narcotics to Kaden.

Defendant testified in his own behalf and denied selling any narcotics to Kaden and denied that he had any money in his possession at the time of his arrest. He specifically denied that the officer took a five-dollar bill from his wallet and also testified that he had never seen Kaden before.

Defendant argues that this evidence is insufficient to establish his guilt. It is argued that the conviction rests entirely upon the testimony of Kaden who was admittedly a narcotics addict and a police informer. It is further contended that since the officers did not keep Kaden under observation while he went out to purchase the narcotics, Kaden's testimony that he purchased drugs from defendant is unworthy of belief and is completely uncorroborated. We have held that the testimony of a narcotics addict must be subjected to close scrutiny but that the credibility of the testimony is a matter to be determined by the trial court. (*People* v. *Hamby,* 6 Ill.2d 559.) The fact that Kaden was not kept under observation likewise goes to the credibility of his testimony. Kaden's testimony was corroborated by the police officer who testified that some of the marked money was found in defendant's possession on the day following the sale. It is further corroborated by the officer's testimony that defendant admitted making a sale to Kaden. We are of the opinion that the evidence was sufficient to establish defendant's guilt beyond a reasonable doubt.

Defendant contends that the testimony which was given on cross-examination by the police officer that defendant admitted selling narcotics to Kaden was inadmissible be-

cause defendant was not furnished with a list of the names and addresses of the persons present at the time the confession was made. Defendant relies on section 1 of division XIII of the Criminal Code (Ill. Rev. Stat. 1957, chap. 38, par. 729,) which provides in substance that whenever an oral confession has been made, a list of the witnesses who were present at the time of the confession shall be furnished defendant prior to arraignment, and further provides that such confession shall not be admissible unless such a list is furnished. This contention cannot be sustained. In the first place the record shows that this testimony was introduced without objection by defendant's counsel. By failing to object, the alleged error has been waived and defendant cannot raise this contention on this writ of error. Furthermore, this testimony was not introduced by the State but was brought out by defendant's counsel on cross-examination. The testimony that defendant had admitted his guilt was not volunteered by the police officer but was given in direct response to a question propounded by defendant's counsel. Having asked for this information, defendant is in no position to object.

We are of the opinion that the evidence was sufficient to establish defendant's guilt beyond a reasonable doubt and that the testimony concerning defendant's oral admission of guilt was properly admitted in evidence.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*