(No. 35850.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRED A. SENO, Plaintiff in Error.

*Opinion filed Sept. 22, 1961.—Rehearing denied Nov. 29, 1961.*

THOMAS H. MORSCH, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER, and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

At a bench trial in the criminal court of Cook County the defendant, Fred A. Seno, was adjudged guilty of armed robbery and was sentenced to the penitentiary for a term of not less than ten years nor more than life. Upon writ of error defendant contends that certain alleged confessions and a revolver were improperly received in evidence, and that his guilt was not established beyond all reasonable doubt.

Shortly before 9:00 P.M. on the evening of November 11, 1958, a man armed with a gun entered an A & P Company store at 1148 West Ontario, Oak Park, Illinois, and, in the presence of the employees, took the money from a cash register and office cash drawer before fleeing the premises. A few minutes later defendant's automobile crashed into a tree while attempting to negotiate a curve

at high speed a few blocks from the scene of the crime, and he was apprehended by the Oak Park police in a basement hallway a short distance away.

At the trial of the cause, John Sittler, the assistant store manager, and Maxine Rowland, the cash register operator, both identified defendant as the robber although they differed slightly as to his apparel. Sittler said the man was wearing glasses and a hat, and that his overcoat collar was turned up, whereas Rowland was of the opinion that he was wearing a cap, was without glasses, and had his coat collar turned down. Sittler also testified he was later called to the scene of the automobile accident to identify defendant, at which time defendant replied "Yes" when asked by the arresting officers if Sittler was the man he had robbed. This witness further related that at a preliminary hearing held in the municipal court of Oak Park on November 13, 1958, the complaint, order for warrant, and order fixing bail were read to the defendant after which the latter replied "Yes."

John Schatz, an Oak Park police officer, testified that at about 8:45 P.M. on the evening of the robbery he observed defendant's automobile pull away from the curb directly behind the A & P Company store and accelerate to a speed of seventy or seventy-five miles per hour. Schatz gave chase but, in attempting to negotiate a turn, defendant's automobile crashed into a tree and the driver ran into a nearby apartment building.

Another Oak Park policeman, Louis Case, told of arriving at the scene of the accident a few minutes after it had occurred and of finding defendant crouched in the basement hallway of a nearby apartment house. According to his account, some two hundred sixteen dollars were found on defendant's person, and the defendant, upon seeing John Sittler, the assistant store manager, said: "This is the man I held up." Later, while examining the wrecked auto, the

witness was handed a pistol by Richard Samuels, a River Forest police officer who had also responded to the robbery report. Samuels had removed the pistol, in Case's presence, from the front floor of the automobile.

Testifying in his own behalf, defendant stated that he had been drinking the night of the robbery, and that he had just left a restaurant near the A & P store when an unidentified person flashed a spotlight upon him and commenced shouting. Being afraid, defendant attempted to escape in his automobile but crashed into a tree a short distance away, thereafter losing consciousness. He denied having a gun, that he had been at the A & P store upon the night of the robbery, or that he had admitted his guilt at the preliminary hearing of November 13, 1958.

Defendant first contends the trial court erred in admitting testimony of his alleged confessions made at the scene of the accident and at the preliminary hearing, for the reason that he had not previously been furnished a complete list of persons present when the confessions were made as specified by statute. (Ill. Rev. Stat. 1959, chap. 38, par. 729.) However, the record indicates that no objection whatsoever was made to Case's testimony concerning defendant's confession at the time of arrest, and the similar evidence of John Sittler was objected to upon other grounds. By failing to call the alleged error to the trial court's attention by appropriate objection, defendant waived the statutory requirement and cannot for the first time raise the issue upon writ of error. (*People v. Villalobos*, 20 Ill.2d 315.) Although there may be instances where the scales of justice are so evenly balanced between guilt and innocence that fundamental justice requires the reversal of a conviction even though error was not urged in the trial court, the evidence of defendant's guilt in the present record is such that a reversal is not required. Cf. *People v. Pelkola*, 19 Ill.2d 156.

Although timely objection was interposed to the testimony concerning defendant's statement allegedly made at the preliminary hearing, we are of the opinion that this was not a confession within the meaning of the statute. Defendant did not upon that occasion acknowledge his guilt of the crime charged, as is inherent in a confession, (*People* v. *Arthur*, 314 Ill. 296; *People* v. *Manske*, 399 Ill. 176,) but merely answered "yes" after the complaint, order for warrant, and order fixing bail were read to him. Under these circumstances we cannot say the lower court committed prejudicial error in this regard.

Neither was the revolver improperly received in evidence. No motion to suppress this exhibit was ever filed by the defendant and no objection was made to its introduction at time of trial. See *People* v. *Valecek*, 404 Ill. 461.

A careful examination of the record fails to substantiate defendant's claim that his guilt was not established beyond all reasonable doubt. Even without considering his oral confession and the presence of a pistol in his car, the evidence upon this point is overwhelming. Two eyewitnesses positively identified him as the bandit; a police officer saw him speed away from the scene of the crime and observed his automobile crash into a tree while trying to evade pursuit; and a few minutes later defendant was found crouching in a nearby apartment hallway with large amounts of currency upon his person. Although defendant denied the charge, his testimony is not convincing. He was in the vicinity of the A & P store when the crime was committed, he attempted to evade pursuit and, in doing so, wrecked his automobile a few blocks away. Despite his claim that he was unconscious from the moment of impact until he arrived at a hospital some time later, the uncontroverted evidence shows he fled upon foot from the accident, hid in a nearby building, and conversed with the police immediately upon apprehension. It was the duty and function of the trial court to determine the credibility of the witnesses and the

weight to be accorded their testimony and, on this record, we find no justification for substituting our judgment in such regards for that of the court.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*