No. 37872.—

The People of the State of Illinois, Defendant in Error, *vs.* Kenneth R. Sims, Plaintiff in Error.

*Opinion filed June 24, 1965.*

C. LEE COOK, JR., CHADWELL, KECK, KAYSER, RUGGLES & McLAREN, of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and THOMAS A. HETT, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Kenneth R. Sims was convicted in the criminal court of Cook County on April 19, 1960, of having unlawful possession of narcotic drugs, and upon his application was admitted to probation for five years. Subsequently, on March 15, 1962, his probation was revoked. Defendant prosecutes this writ of error to review the original conviction and the order revoking probation.

The first question is whether defendant is entitled to a review of his conviction. Under newly enacted section 117—1(d) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1963, chap. 38, par. 117—1(d),) effective January 1, 1964, review of a conviction may be obtained although probation has been granted. Defendant urges the applicability of the foregoing section because the saving clause (section 125—3(b)) provides that, "In any case pending on or after the effective date of this Code involving an offense committed prior to such date the procedural provisions of this Code shall govern * * *." This case, however, was not pending on the effective date of the Code. Defendant was convicted on April 19, 1960, granted probation on May 3, 1960, and his probation was revoked on March 15, 1962. Therefore, this cause ceased to be pending within the meaning of the saving clause.

We therefore consider the law in effect prior to the

adoption of the Code. The State contends that defendant waived his right to review the conviction when he accepted probation. We disagree. Although, historically, the attitude was that a defendant who accepted probation waived his right to appeal, (See *e.g., People* v. *Dowd,* 27 Ill. App. 2d 429; *People* v. *Collis,* 344 Ill. App. 539; *People* v. *Mangos,* 306 Ill. App. 379; *United States* v. *Lecato,* 29 F. 2d 694,) we have never directly passed on this point. In view of the policy expressed in the Code in allowing a defendant to appeal after being admitted to probation, and the persuasive reasoning of the Supreme Court in *Korematsu* v. *United States,* 319 U.S. 432, 87 L. ed. 1497, 63 S. Ct. 1124, where it was said that a "judgment is final for the purpose of appeal 'when it terminates the litigation * * * on the merits' and 'leaves nothing to be done but to enforce by execution what has been determined'," (citing *Berman* v. *United States,* 302 U.S. 212, 213, 82 L. ed. 204, 205, 58 S. Ct. 166) we hold that the defendant is not precluded from appealing his conviction because he was admitted to probation.

The record supporting the conviction shows that on December 29, 1959, the defendant was arrested in the apartment of a girl friend, Doris Smith, and charged with possession of narcotics. He waived his right to a trial by jury, and on April 19, 1960, the court found him guilty. At the trial Harrison Harvick, the arresting officer, was the State's only witness. He testified that he and Burton Kann, another officer, armed with a search warrant, knocked on the door of the apartment, and after being denied access, kicked the door open when they heard the toilet flush within the apartment. He said the defendant was standing in the room about 10 feet from the bathroom and Doris Smith and her child were on the bed. Officer Harvick found several packets containing narcotics floating on top of the water in the toilet. When asked what conversation he had with the defendant, the officer testified that he asked the

defendant whether the "contraband" was his and defendant replied that it was. At no time did defendant or his counsel object to any of this testimony, nor was there any motion to suppress. The defendant stipulated that if a chemist would testify, he would say that the packets found in the bathroom contained narcotics.

Defendant now contends that the confession was improperly admitted because (1) the State failed to furnish a complete list of witnesses to the oral confession as required by Ill. Rev. Stat. 1959, chap. 38, par. 729 in effect at the time of this trial, and, (2) the State failed to call all material witnesses to the confession as required when there is evidence of improper conduct in obtaining the confession.

We have consistently held that one who fails to object to the introduction of an oral confession waives his right to complain of the admission of that evidence. (*People* v. *Williams,* 28 Ill.2d 114; *People* v. *Seno,* 23 Ill.2d 206; *People* v. *Villalobos,* 20 Ill.2d 315.) These cases cannot be distinguished. In *Williams,* a police officer testified, without objection, that defendant admitted taking part in the crime. At the close of the State's case, defendant moved for a mistrial on the ground that testimony concerning his admission to the officer deprived him of a fair trial. The motion was denied and we affirmed for the reason that defendant, by failing to object to or moving to suppress the testimony, had waived his right to complain. (28 Ill.2d 114, 116.) In *Seno* and *Villalobos* testimony concerning oral confessions was admitted without an objection even though the State had similarly failed to comply with the statutory requirement of supplying defendant with complete lists of witnesses to the confessions. In *Seno* we said that by failing to call the alleged error to the trial court's attention by appropriate objection, the defendant waived the statutory requirement and could not raise the issue for the first time on the writ of error. (23 Ill.2d 206, 209.) Similarly, in *Villalobos,* we re-

fused to consider the question of the admissibility of the testimony concerning the oral confession because no objection had been made to its admission in the trial court.

A confession to which no objection is made is properly admitted in evidence without the introduction of preliminary proof as to the circumstances under which it was made. (*People* v. *Jackson*, 31 Ill.2d 408.) No objections and no request for a preliminary hearing having been made, the question of admissibility is not now subject to review.

Defendant contends the evidence does not support the conviction. This contention is based on his assertion that Officer Harvick's testimony should not be believed because it was contradicted by defendant and was not corroborated by any other witness.

It was for the trial court to weigh the testimony and determine the credibility of the witnesses. It had the opportunity to observe the witnesses, and in the absence of strong evidence to the contrary, this court will not substitute its opinion for that of the trial court. The court chose to believe the officer and we will not disturb that finding. (*People* v. *Woods*, 26 Ill.2d 582.) There is no showing that defendant did not receive a fair trial, therefore the conviction is affirmed.

Defendant also urges that we reverse the order revoking his probation. He was convicted on October 11, 1961, under a statute declaring narcotics addiction to be a crime. (Ill. Rev. Stat. 1961, chap. 38, par. 22—3.) This statute was later declared unconstitutional. (*People* v. *Davis*, 27 Ill.2d 57.) Defendant contends that his probation was revoked solely on the basis of the invalid conviction, and since a conviction under an unconstitutional statute is a nullity and is void, (*People* v. *Eisen*, 357 Ill. 105,) the order revoking his probation is also void. The State on the other hand asserts that uncontradicted evidence presented at the hearing was that the defendant had failed to report to his probation officer for ten months, although the terms of his probation

required that he report monthly, and that he had twice been convicted and fined for loitering.

The question of granting or revoking probation is normally within the discretion of the trial court, and unless that discretion is abused, we will not disturb the order. (*People* v. *Pelikan,* 6 Ill.2d 275, 277.) Here, we have no way of knowing whether the trial court's reason for revocation was defendant's conviction of narcotics addiction or whether it was based on his subsequent convictions or failure to report. Under such circumstances the cause must be remanded for the trial court to pass upon the question of revocation on grounds other than narcotics addiction.

The judgment of the criminal court of Cook County on the original conviction is affirmed and the order revoking probation is reversed and the cause is remanded for the specific purpose of passing upon the question of revocation, without reference to the conviction under the unconstitutional statute.

> *Judgment affirmed;*
> *Order of revocation reversed and remanded,*
> *with directions.*