People of the State of Illinois, Plaintiff-Appellee, v. George Stankovich, John Hines, and James Boatman, Defendants-Appellants.

Gen. No. 11,106.

Fourth District.

March 18, 1970.

Donald S. Frey, of Evanston, for appellants.

Basil G. Greanias, State's Attorney of Macon County, of Decatur, for appellee.

SMITH, J.

On motion of the State's Attorney we struck appellants' first brief, argument and excerpts from the record and granted leave to file documents which would reasonably conform to an appropriate presentation of the issues sought to be raised. The second document consists of fourteen mimeographed pages with three of such pages concerned with the cover page, proof of service and index. It does not contain a single citation, but does contain five points which this court is asked to review. It likewise prompted a motion by the State's Attorney to strike the documents and to dismiss the appeal. This motion was denied in the belief that further

effort on our part to compel reasonable compliance with accepted rules of practice on review would be futile and that justice to the defendants required a prompt and careful review of the entire record by the court. We have given a meticulous and personal study of the entire record in the trial court in an effort to afford these defendants a full, fair and carefully considered review of the trial.

The errors asserted in the brief are as follows:

1. The State failed to prove the guilt of the defendants beyond a reasonable doubt.

2. The guilty verdict was fraught with racial bias in that a jury listened to testimony that two of the three defendants were Negroes and these two defendants were going with two white girls who had testified for the State.

3. One witness who had testified concerning the arson had voluntarily contacted the defendants' appeal counsel and said (1) she would testify at a new trial that she never saw the defendants commit the crime; and (2) she would testify that although she may have heard the defendants tell about the arson of the bakery, she believes now, on further reflection, that the arson statement was simply unfounded boasting and that the defendants had actually nothing to do with the arson.

4. One of the jurors denied knowing the defendant, James Boatman, a Negro. There is now evidence to indicate that this juror worked at the same plant with such defendant and knew the defendant personally. There is further evidence that such juror (white) knew that James Boatman was going with Linda Mabon, a white girl.

5. The denial of the application for probation by the trial court should be reversed for the reason that none of these defendants had previous felony records; that the wife of one of them was pregnant; that one of the other defendants had a wife and three children and

that these "all should have been grounds for probation" and that the refusal to grant probation stems from the racial prejudice exhibited throughout the trial.

■ Appellants' counsel on review has displayed considerable irresponsible ingenuity in attempting to bring before this court issues without any factual support in the record and issues of racial prejudice and racism which are wholly unwarranted. His performance as an unsworn witness in this court excels his performance as an informed advocate since he entered the case as attorney for the defendants on their application for probation. Defendants were represented by other counsel at the trial. There is nothing to indicate that racial prejudice in any way tainted or influenced the trial. The record does show that the three defendants and the two girls who testified against them frequently were joy riding together almost every night in the week and that each of them was married to others who were not a part of the joy-riding crew. There was a Negro on the jury. Whether the racism asserted was against the white defendant or whether it was against the Negro defendants is not stated. In fact, the charge of racism is the meaningless mouthing of an irresponsible advocate without any evidentiary basis whatsoever. Just how the color of any of these defendants or witnesses could be changed on a new trial escapes us. If counsel means that circumstances such as we have here are per se and automatically infused with racism and that under such circumstances society has lost the right to try defendants and crimes committed with multiple races represented he is egregiously mistaken. The mere statement of such a proposition demonstrates its absurdity. The charge of racism in this trial is properly denominated as pure fantasy and is without merit.

■ Probation was denied these defendants. Boatman and Stankovich received a sentence of 10 to 20 years, and Hines a sentence of 10 to 15 years. The re-

357

port of the State's Attorney to the Parole Board shows that Stankovich is white and Boatman and Hines are Negroes. We would observe that the lower maximum sentence went to a Negro defendant. The variation in sentence is due to testimony on the hearing that Hines had cooperated with the sheriff and other agencies in correcting some undesirable circumstances in the county jail and this the court accepted as some indication of a self-imposed attempt at rehabilitation. The probation officer recommended that probation be denied. In a full and complete report, he listed the various infractions of the law of each defendant covering a considerable period of time. Some of these infractions were minor and some more serious. Throughout the trial the defendants maintained they were innocent. This they had a right to do and the fact that they stood trial should not impede a thorough consideration of a factual basis for probation. It didn't. Each defendant called several witnesses. Indeed, the court stated in reply to counsel for the defendants that it was the longest probation hearing in his experience. On the probation hearings, the defendants again insisted that they were innocent of any wrongdoing or charge in this connection but furnished testimony that they were now remorseful and sorry. Each position is somewhat the antithesis of the other. Arson is recognized as one of the more serious offenses under our Criminal Code. We cannot say that the trial court abused its discretion in the sentences imposed or failed to give a full hearing and an attentive ear to each of the defendants. The trial court had the opportunity to view their conduct and attitude during the trial and on the probation hearing. This we are denied. We cannot say from this record that the trial court abused its discretion, and in the absence of such abuse, it is not within our province to substitute our judgment for its. People v. Sims, 32 Ill2d 591, 208 NE2d 569.

The evidence connecting these defendants with the burning of the bakery is their statements to friends, plus circumstances. No one saw them do it; no one testified that they saw them do it. A police officer testified that he saw the defendants and Linda Mabon cruising in the area of the bakery at about 2:00 a. m. on the morning of the fire, driving slowly without lights. The defendants admitted this fact and that the officer stopped and chatted with them. Linda testified that she and the defendants had several discussions during the evening about burning some buildings. They got a gallon jug from the home of John Hines, filled it with gas, put a part of a T-shirt in it for a fuse and put it in the back of the car. She let the defendants out at the bakery and took the automobile to her home, which was some 100 feet distant from the bakery. Defendants came back later and stated that they hadn't done it yet. They departed and then returned. The witness and the three defendants then drove past the bakery and she thought she saw smoke coming out of the back. The defendants did not think they could see any smoke. Witness Shirley O'Laughlin was riding in the vicinity of the bakery the following morning, and defendant Hines pointed to the building that had been burned and said in substance that he had blown it up during the night and that he had done a pretty good job. She, too, was a friend of Linda and the defendants. Witness Arthur Johnson testified that he was riding with the defendants Hines and Stankovich and they stopped at the bakery building. They went in the building and Hines told him that he had thrown a bottle with gas through the window on the south side of the building and reenacted his version of the starting of the fire. A glass gallon jug similar to the one described was found in the building. There was before the jury also evidence that the girls had a reason to testify falsely because of disenchantment

359

that the boys were either married to, or going with other girls. The evidence further discloses, however, that they had been friendly, and rode around together in the evenings and there seems to be little basis to assume or to suggest that the testimony of the girls was perjured nor is any reason assigned as to why Johnson would testify as he did.

 Circumstantial evidence is good and sufficient evidence and if it is of such a convincing nature that it satisfies the jury of the guilt of the defendant the verdict must be sustained by the reviewing court. People v. Halteman, 10 Ill2d 74, 139 NE2d 286; People v. Robinson, 14 Ill2d 325, 153 NE2d 65. The testimony of the State's witnesses does not have that improbability or inconsistency that would raise a reasonable doubt as to guilt and its weight and the credibility of witnesses is for the jury. People v. Novotny, 41 Ill2d 401, 244 NE 2d 182. On this issue we might also say that the court in the probation hearing stated that had it been trying the case without a jury, it would have reached a like result. There is, of course, some sematical conflict in the evidence that normally exists in the ordinary trial. Jurors as they enter the jury box do not park their common sense and good judgment in the cloakroom and become sceptics nor are they required to search out unreasonable inferences compatible with innocence and elevate them to the status of reasonable doubt. People v. Russell, 17 Ill2d 328, 161 NE2d 309; People v. Kelly, 8 Ill2d 604, 136 NE2d 785.

 The only errors assigned in the motion for new trial were basically the sufficiency of the evidence to convict and other evidentiary errors of a minor character. Notwithstanding therefore the fact that most, if not all, of the alleged errors argued before us are not supported by the record and are not in the motion for a new trial, we have considered them in the belief that

the defendants are entitled to a fair review in this court notwithstanding the shortcomings of employed counsel. This we have attempted to do. The judgment is affirmed.

Affirmed.

CRAVEN, P. J. and TRAPP, J., concur.