THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WAYNE CARLISLE, Defendant-Appellant.

(No. 11597;

Fourth District—December 6, 1972.

John F. McNichols, of Defender Project, of Springfield, (Bruce L. Herr, of counsel,) for appellant.

Richard A. Hollis, State's Attorney, of Springfield, (Bruce Locher and Stanley Thomas, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant-Appellant Wayne Carlisle plead guilty to eight counts of an indictment, each of which charged theft over $150. The property described in the various counts were seven automobiles owned by various residents (and in one instance, a corporation) of Indiana, Kentucky, Illinois, and California; and one count pertained to the theft of an engine and transmission from an automobile owned by a resident of Indiana. The defendant's petition for probation was denied, and he was sentenced to an indeterminate term of 3½ to 10 years on each count, all sentences to run concurrently. Only two issues are presented by this appeal and they are: did the trial judge abuse his discretion in denying probation and are the sentences excessive?

At various times defendant had endeavored to start a business of his own. He had made attempts at house painting and tree trimming. In early 1970, he started an automobile salvage and wrecker business. He described the operation of the car theft operation as involving three other men whom he named. He testified that in March, 1970, one of the men, Walter Anderson, approached him and asked if he wanted to make some "fast money". Fifteen or twenty cars were brought to defendant who either changed the serial numbers and resold them to local dealers, or cut the cars up and sold the parts. The illegal activities were commenced in March, 1970, and terminated in October of that year when defendant was arrested. The work on the cars was done by defendant at two garages which he leased, one was located on Pine Street in the City of Springfield and the other in Pawnee, Illinois. Both garages were leased after defendant commenced his illegal activities. He had stated to the probation officer that a few months prior to his arrest he had attempted to get out of his illegal pursuit but was told by other members of the ring that "* * * the only way to quit was to be caught." He testified that he began the activity in question in order to get out of his pressing financial problems. He owed approximately $11,000 on a home mortgage, and about $2000 on other bills.

The defendant is 37 years old and had resided in Springfield since his marriage in 1953. He had worked at various jobs, sometimes two at one time, in order to support his wife and four children. He was unemployed for only about eight months during the 18 years of his marriage. Of the four references given to the probation officer, three resulted in favorable responses. One of these was Mr. Van Camp, former employer who operated a service station and for whom defendant had worked at various

times since 1964 and who testified at the probation hearing. He stated that he considered the defendant to be an honest, reliable individual who was a good worker. That he was aware of the charges against defendant but would employ him if probation was granted. The probation officer recommended denial of the petition on the ground that defendant had changed jobs frequently, had admitted that he became involved in the car theft ring, in order to make some "fast money" and that this choice was made when he had the opportunity to conduct himself in a lawful manner. The defendant had no prior record. He testified in his own behalf, stated that he was aware that his conduct was wrong, that he had learned his lesson, and would never again indulge in illegal activity. The trial judge stated that he would very likely have granted probation had the defendant been involved in a "one time affair", but noted that there were eight separate transactions involved.

■■ The granting or denial of probation rests in the sound discretion of the court and the judgment of the trial judge will not be disturbed on review unless it appears from the record that an abuse of that discretion has occurred. (*People v. Sims,* 32 Ill.2d 591, 208 N.E.2d 569.) An examination of the cases clearly establishes that the discretion of the trial judge, in determining whether to grant or deny probation, is very wide. There is some authority to the effect that when the record discloses that the trial court has in fact exercised its discretion, its decision in the matter is not subject to review. (*People v. Coolidge,* 26 Ill.2d 533, 187 N.E.2d 694.) The granting or denial of a petition for probation by the trial court, when that court has exercised its discretion, will not be disturbed. (*People v. Pelikan,* 6 Ill.2d 276, 128 N.E.2d 741.) It thus appears that in the absence of an affirmative showing that the action of the trial court was purely arbitrary or an abuse of discretion no relief will be granted to a defendant whose petition to be admitted to probation was denied. In this case a hearing was held on defendant's petition and we do not find the ruling of the trial court to be arbitrary or an abuse of its discretion.

Defendant also contends that both the minimum and maximum terms of his sentences are excessive. The State's Attorney had recommended a series of sentences, some to run concurrently and some consecutively, which would have resulted in a nine-year minimum term. The trial court refused to adopt the recommendation and imposed the sentences above indicated.

■■ It would serve no useful purpose to recite the many opinions, treatises and pertinent provisions of the Criminal Code which relate to the problems of sentencing or to compare this case with other cases of similar, somewhat similar or dissimilar factual settings. The defendant

here was convicted of eight separate offenses. During the hearing on probation he conceded that he had in fact worked on fifteen or twenty cars; his activities were not, as the trial judge noted, "a one-time affair", but were spread over a period of seven months and were terminated only by his apprehension. The sentences imposed to run concurrently are within the statutory limits, they afford an adequate spread between minimum and maximum. Whether we would have imposed a lesser sentence is not the question. The majority of this court feels that we cannot, within the guidelines of *People v. Taylor*, 33 Ill.2d 417, 424, 211 N.E.2d 673, hold that the sentences here imposed are clearly a departure from the fundamental law, its spirit and purpose or disproportionate to the nature of the offenses committed.

Judgments affirmed.

CRAVEN, P. J., and TRAPP, J., concur.