Gen. No. 67–32.

Third District.

March 29, 1968.

Rehearing denied May 13, 1968.

Carl Kuhn and Joseph F. Mirabella, Jr., of Wheaton, and John Lang, of Glen Ellyn, for appellant.

C. Howard Wampler, State's Attorney, of Princeton, for appellee.

ALLOY, P. J.

Defendant Dale Husser was indicted on October 4, 1966, on a four-count indictment charging theft of three automobiles and a motorcycle. The third count charging theft of a motorcycle was reduced to a misdemeanor charge. Defendant pleaded guilty to all four counts on October 18, 1966. Thereafter, on December 28, 1966, a hearing was had in aggravation and mitigation. An application for probation was also made. On January 11, 1967, the trial court sentenced defendant to not less than one nor more than three years in penitentiary on Counts I, II and IV of the indictment, and to pay a fine of $500 on Count III of the indictment. All of the penitentiary sentences were directed to run concurrently.

On appeal in this case, defendant contends that there was an abuse of discretion by the trial court in denying probation to defendant. Specific attention is directed to the provisions of chapter 38, § 117–1 (1967 Illinois Revised Statutes) with respect to probation. Defendant concedes that the trial court has broad discretionary powers in the granting of probation, but defendant contends that the basic principles which are set out for guidance of the trial court with respect to the granting of probation are fulfilled in the case before us. Defendant, therefore, asserts that there was an abuse of discretion by the trial court in denying probation. Defendant emphasizes that defendant had no prior criminal record and that, therefore, there would be no indication of a likelihood that he would commit another offense. It is asserted that there was no showing by the State that public interest requires the incarceration of defendant and, also, that his rehabilitation did not require incarceration. Defendant emphasizes that the discretion of the trial court in passing upon an application for probation is not an arbitrary discretion or an act growing out of will or whim, but must be based upon a sound legal discretion dependent upon a careful analysis of the facts

of the offense as outlined in the case of People v. Donovan, 376 Ill 602, 35 NE2d 54, 56.

The State points out that defendant Husser is a mature businessman 31 years of age and that he pleaded guilty to three separate felony auto thefts and one misdemeanor committed over a period of several months. It is also pointed out that in People v. Donovan, supra, cited by defendant, a 20-year-old boy had pleaded guilty to forgery of a $10 check. In that case the trial court summarily denied the request for probation and sent that defendant to the penitentiary. There was no hearing at which evidence in mitigation could have been presented in that case. There was a contention there that the trial court should have granted probation and that it erred in not allowing defendant to withdraw his plea of guilty. The case was reversed in the Supreme Court of this State principally on the basis that the plea was not a voluntary one since defendant entered into it thinking he would be given probation. We recognize that the discretion of a trial court is not an arbitrary one and that although the case of People v. Donovan was modified by the court in later decisions, the principles emphasized therein were properly expressed by the court and are carried into the Illinois Criminal Code and its administration in the trial courts and in the reviewing courts.

█ The trial court had before it the report of the adult probation officer's investigation and also heard the testimony of defendant and other witnesses before sentencing and before the court passed on the probation application. The judge was able to observe defendant and the other witnesses and was in a far better position to determine the question of whether or not probation should be granted than is a court of review. We do not believe that the record discloses any arbitrary action on the part of the trial court. We must, therefore, conclude that this court, on review, on the basis of the record in

35

this cause would not be justified in concluding that there was an abuse of discretion by the trial court in the instant case.

Since we find no reversible error in the conduct of the trial court, the judgment of such court will, therefore, be affirmed.

. Affirmed.

STOUDER and SCHEINEMAN, JJ., concur.